CHARLES MUSSEY *versus* PETER PIERRE.

An alien acquires no life estate in the lands of his wife by virtue of his marriage; and a levy thereupon as the estate of the husband gives no title to the creditor.

ON March 24, 1839, Reuben Ruby conveyed the demanded premises to Elizabeth Pierre, the wife of Peter Pierre, who

was then an alien and has not since been naturalized. On Jan. 7, 1843, the demandant levied upon the life estate of Pierre to satisfy an execution against him. This action is a writ of entry against Pierre.

*Fessenden, Deblois & Fessenden* argued for the tenant, citing 12 Mass. R. 348; 2 Kent, 53; 1 Cruise, 164; 7 Cranch, 619; Year Books, 11 Hen. 4, 26 and 14 Hen. 4, 20; Co. Lit. 2 (b).

*Rand* argued for the demandant, and cited Stearns on Real Actions, 195, and Rev. St. c. 145, § 9.

The opinion of the Court was by

WHITMAN C. J. — This is a writ of entry. The defendant pleads *nul disseizin*, with a brief statement, setting forth that, although his wife is seized of the demanded premises in fee; yet that he, being an alien, has nothing therein. It is not controverted that he is an alien; and it is admitted, that the fee in the estate is in his wife. In such case it is not easy to perceive how he can be held amenable in this process. He, in right of his wife, is not seized of any estate therein. He could not become a tenant by the curtesy; and could not lawfully convey or lease the same; nor could it be legally attached, as in anywise pertaining to him. The claim of the plaintiff, therefore, being under and by virtue of an attachment and levy upon it, as a life estate in the defendant, cannot be upheld.

The estate, however, seems to have been conveyed to the wife during coverture; and perhaps, was paid for by him, so as to create a resulting trust for his benefit. If such was the case, possibly, it might be reached by a process in equity, and be made responsible for his debts. As to this, however, we give no opinion.

*Default taken off — and plaintiff nonsuit.*